JOHN W. OCKFORD, PLAINTIFF-APPELLANT, v. CATHERINE S. STEINMEYER, DEFENDANT-APPELLEE.

Submitted November 6, 1924—Decided February 10, 1925.

Contracts—Employment—Judge Sitting Without Jury Admitted Improper Evidence Relating to Time of Employment—Time Material—Judgment Reversed.

On appeal from the District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the appellee, *William Van Buskirk.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the fourth judicial district of Bergen county. The case below was one by John W. Ockford, as plaintiff, to recover from Catherine S. Steinmeyer, the defendant, damages alleged to have been sustained by reason of her alleged failure to carry out a contract of nursing which the plaintiff in his state of demand alleges to be to commence on or about June 11th, 1923, and to continue thereafter until her services were no longer needed or until discontinued by mutual agreement. The defendant denied making the agreement as claimed by the plaintiff, but testified according to the findings of fact by the trial judge, that the contract was for a period of two weeks or longer if defendant found it convenient to stay and counter-claimed for her compensation as nurse, and the judge, sitting without a jury, gave a judgment in her favor and denied the plaintiff's claim.

Among the witnesses called by the defendant was a Mrs. Uhleman, who testified, over objection and exception by plaintiff's attorney, to a conversation with Mrs. Ockford, the plaintiff's wife, in which the latter said that the defendant, Mrs. Steinmeyer, had been employed for two weeks. There is nothing in the record to show that Mrs. Ockford in anywise represented the plaintiff, or that she was authorized to speak for him. This evidence was clearly inadmissible. The question of the term of defendant's employment became a material one in the trial of the case, and it was necessary to determine what this contract was in order to properly pass upon the question as to whether it had been breached by the defendant. The case being heard by the judge without a jury, if it had appeared that no credence was given to this testimony it would be possible to disregard it. Unfortunately, this was not the fact. The state of the case was settled by the court, and in it the judge says that his decision

was not controlled by the statements *alone* of this witness. There can be no other conclusion than that the judge did, in part, at least, rely upon them. This he had no right to do. In the absence of proof of authority in the wife to speak for her husband, her statements to Mrs. Uhleman were incompetent and irrelevant, and should have been excluded, and, if not excluded, affimatively appear to have been disregarded by the judge.

The judgment will be reversed.